UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------
NORBERT SARKOZI,

                        Plaintiff,

  -against-

TOBY SCHLESINGER, SAMUEL SCHLESINGER, and ABC CORP., a fictitious name intending to be that of an unknown contractor,

                        Defendants.
---------------------------------------------

CASE NO. 21-cv-07195

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendants on September 30, 2021, in the County of Kings, State of New York.

## II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Eastern District of New York in that the events giving rise to this action occurred within the Eastern District of New York.

## III. THE PARTIES

5. At all times herein mentioned, plaintiff NORBERT SARKOZI was and still is a citizen and resident of Hungary.

6. At all times herein mentioned, defendant TOBY SCHLESINGER, was and still is a citizen of the County of Kings, State of New York.

7. At all times herein mentioned, defendant SAMUEL SCHLESINGER, was and still is a citizen of the County of Kings, State of New York.

8. The defendant ABC CORP., at all times herein mentioned, was and still is a corporation organized and existing under the laws of an unknown State, with its principal place of business situated in an unknown County and an unknown State.

## IV. FACTUAL ALLEGATIONS

9. On September 30, 2021, plaintiff NORBERT SARKOZI was performing certain construction work at the premises located at 4510 12th Avenue, Brooklyn, NY, [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

10. On September 30, 2021, plaintiff NORBERT SARKOZI was employed by NYCIDOITRIGHT LLC.

11. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TOBY SCHLESINGER.

12. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant SAMUEL SCHLESINGER.

13. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

14. That at some point prior to September 30, 2021, defendant TOBY SCHLESINGER entered into an agreement with defendant ABC CORP., wherein and whereby it was agreed, among other things, that defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

15. That on September 30, 2021, defendant ABC CORP. was the general contractor working at the subject premises for defendant TOBY SCHLESINGER.

16. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

17. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

18. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

19. That at some point prior to September 30, 2021, defendant TOBY SCHLESINGER entered into an agreement with NYCIDOITRIGHT LLC, wherein and whereby it was agreed, among other things, that NYCIDOITRIGHT LLC would perform construction work and provide labor services at the subject premises.

20. That on September 30, 2021, NYCIDOITRIGHT LLC was a contractor working at the subject premises for defendant TOBY SCHLESINGER.

21. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

22. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

23. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

24. That at some point prior to September 30, 2021, defendant SAMUEL SCHLESINGER entered into an agreement with defendant ABC CORP., wherein and whereby it was agreed, among other things, that defendant ABC CORP. would perform construction work and provide labor services at the subject premises.

25. That on September 30, 2021, defendant ABC CORP. was the general contractor working at the subject premises for defendant SAMUEL SCHLESINGER.

26. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

27. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

28. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

29. That at some point prior to September 30, 2021, defendant SAMUEL SCHLESINGER entered into an agreement with NYCIDOITRIGHT LLC, wherein and whereby it was agreed, among other things, that NYCIDOITRIGHT LLC would perform construction work and provide labor services at the subject premises.

30. That on September 30, 2021, NYCIDOITRIGHT LLC was a contractor working at the subject premises for defendant SAMUEL SCHLESINGER.

31. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

32. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

33. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

34. That at some point prior to September 30, 2021, defendant ABC CORP. entered into an agreement with NYCIDOITRIGHT LLC, wherein and whereby it was agreed, among other things, that NYCIDOITRIGHT LLC would perform construction work and provide labor services at the subject premises.

35. That on September 30, 2021, NYCIDOITRIGHT LLC was a contractor working at the subject premises for defendant ABC CORP.

36. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

37. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

38. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

39. That thereafter, and on or about September 30, 2021, NYCIDOITRIGHT LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TOBY SCHLESINGER.

40. That thereafter, and on or about September 30, 2021, NYCIDOITRIGHT LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant SAMUEL SCHLESINGER.

41. That thereafter, and on or about September 30, 2021, NYCIDOITRIGHT LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP.

42. That thereafter, and on or about September 30, 2021, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TOBY SCHLESINGER.

43. That thereafter, and on or about September 30, 2021, Defendant ABC CORP. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant SAMUEL SCHLESINGER.

44. That at all times herein mentioned, and or about September 30, 2021, plaintiff NORBERT SARKOZI was actually engaged in the course of his employment as a construction laborer by NYCIDOITRIGHT LLC, which said contractor was engaged by defendant TOBY SCHLESINGER and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TOBY SCHLESINGER, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

45. That at all times herein mentioned, and or about September 30, 2021, plaintiff NORBERT SARKOZI was actually engaged in the course of his employment as a construction laborer by NYCIDOITRIGHT LLC, which said contractor was engaged by defendant SAMUEL SCHLESINGER and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant SAMUEL SCHLESINGER, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

46. That at all times herein mentioned, and or about September 30, 2021, plaintiff NORBERT SARKOZI was actually engaged in the course of his employment as a construction laborer by NYCIDOITRIGHT LLC, which said contractor was engaged by defendant ABC CORP. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ABC CORP., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

47. That on or about September 30, 2021, and while plaintiff NORBERT SARKOZI was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer NYCIDOITRIGHT LLC, he was caused, allowed and permitted to fall from an elevated height and thereby was cause to sustain gravity related injuries and was cause to sustain grievous personal injuries.

48. That at all times herein mentioned, and on or about September 30, 2021, defendant TOBY SCHLESINGER, his agents, servants and/or employees reserved onto themselves the right and duty of general supervision, direction and control of the work being performed at the subject premises by NYCIDOITRIGHT LLC, plaintiff's employer.

49. That at all times herein mentioned, and on or about September 30, 2021, defendant TOBY SCHLESINGER, his agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by NYCIDOITRIGHT LLC, plaintiff's employer.

50. That at all times herein mentioned, and on or about September 30, 2021, defendant SAMUEL SCHLESINGER, his agents, servants and/or employees reserved onto themselves the right and duty of general supervision, direction and control of the work being performed at the subject premises by NYCIDOITRIGHT LLC, plaintiff's employer.

51. That at all times herein mentioned, and on or about September 30, 2021, defendant SAMUEL SCHLESINGER, his agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by NYCIDOITRIGHT LLC, plaintiff's employer.

52. That at all times herein mentioned, and on or about September 30, 2021, defendant ABC CORP., its agents, servants and/or employees reserved onto itself the right and duty of general supervision, direction and control of the work being performed at the subject premises by NYCIDOITRIGHT LLC, plaintiff's employer.

53. That at all times herein mentioned, and on or about September 30, 2021, defendant ABC CORP., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by NYCIDOITRIGHT LLC, plaintiff's employer.

54. Defendant TOBY SCHLESINGER breached his statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff NORBERT SARKOZI, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper

protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

55. Defendant TOBY SCHLESINGER breached his statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

56. Defendant TOBY SCHLESINGER breached his statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

57. Defendant TOBY SCHLESINGER breached his statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

58. Defendant TOBY SCHLESINGER breached his statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

59. Defendant TOBY SCHLESINGER owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

60. Defendant SAMUEL SCHLESINGER breached his statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff NORBERT SARKOZI, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him

proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

61. Defendant SAMUEL SCHLESINGER breached his statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

62. Defendant SAMUEL SCHLESINGER breached his statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

63. Defendant SAMUEL SCHLESINGER breached his statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

64. Defendant SAMUEL SCHLESINGER breached his statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

65. Defendant SAMUEL SCHLESINGER owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

66. Defendant ABC CORP., breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff NORBERT SARKOZI, ladders, scaffolds,

nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

67. Defendant ABC CORP., breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

68. Defendant ABC CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

69. Defendant ABC CORP., breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

70. Defendant ABC CORP., breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

71. Defendant ABC CORP., owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

72. By reason of the foregoing, plaintiff NORBERT SARKOZI was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will

permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff NORBERT SARKOZI will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. FIRST CAUSE OF ACTION

73. The allegations of the preceding paragraphs are repeated here as if fully stated.

74. Plaintiff was injured due to defendant's negligence, carelessness and recklessness as stated herein.

75. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,00.00) Dollars.

## VI. SECOND CAUSE OF ACTION

76. The allegations of the preceding paragraphs are repeated here as if fully stated.

77. Plaintiff was injured due to defendant's violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

78. Plaintiff was injured due to defendant's violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

79. Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,00.00) Dollars.

## VII. DEMAND FOR TRIAL

80. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
December 30, 2021

_____
**By: Holly Ostrov Ronai (HO-3923)
RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO. 21-cv-07195
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NORBERT SARKOZI,
                              Plaintiff,


     -against-

TOBY SCHLESINGER, SAMUEL SCHLESINGER, and ABC CORP., a fictitious name intending to be that of an unknown contractor,
                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLAINT AND JURY DEMAND**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777